Seyed Mohammed v. Holder

BIA
Nelson, IJ
A089 253 296

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of November, two thousand thirteen.

PRESENT:
> JON O. NEWMAN,
> JOSÉ A. CABRANES,
> PETER W. HALL,
> *Circuit Judges.*

_____

MOHAMED FIRTHOWZ SEYED MOHAMMED,
> *Petitioner,*

v.                                        12-3611
                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:       Joshua Bardavid, New York, NY.

FOR RESPONDENT:       Stuart F. Delery, Acting Assistant
                      Attorney General; Stephen J. Flynn,
                      Assistant Director; James A. Hurley,
                      Attorney, Office of Immigration
                      Litigation, United States Department
                      of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Mohamed Firthowz Seyed Mohammed, a native and citizen of Sri Lanka, seeks review of a September 7, 2012, decision of the BIA affirming the March 14, 2011, decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mohamed Firthowz Seyed Mohammed*, No. A089 253 296 (B.I.A. Sept. 7, 2012), *aff'g* No. A089 253 296 (Immig. Ct. N.Y. City Mar. 14, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

To establish eligibility for asylum or withholding of removal, an applicant must show persecution, or fear of persecution, on account of race, religion, nationality,

2

membership in a particular social group, or political opinion. *See* 8 U.S.C. §§ 1101(a)(42); 1231(b)(3). The agency did not err in finding that Seyed Mohammed did not demonstrate persecution on account of a protected ground because there was no evidence that he was harmed because of either his family membership or his status as a wealthy Muslim business owner, or that any protected ground was one central reason for any harm he encountered. *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B)(ii); *Kone v. Holder*, 596 F.3d 141, 152 (2d Cir. 2010). Seyed Mohammed testified that he saw LTTE members shoot and kill his father and great uncle when he was a child, and later learned that his father had refused to pay the LTTE members. He then discussed the LTTE's attempts to extort money from him in 2006, but gave no indication that the threats, harassment, and harm the LTTE visited upon him had anything to do with either his family name or his religion. *See Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73-74 (2d Cir. 2007) . Moreover, his two sisters, a brother, and his mother all continue to live in Sri Lanka without incident. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999). While Seyed Mohammed stated in his asylum application that several days after

3

LTTE members assaulted him, the LTTE massacred a group of Muslims in the region, he did not indicate that his encounter with the LTTE was premised upon the fact that he is Muslim. Accordingly, Seyed Mohammed did not demonstrate that any harm he encountered was on account of any protected ground. *See Kone*, 596 F.3d at 152.

Furthermore, the agency did not err in concluding that the harm Seyed Mohammed experienced did not rise to the level of persecution. The BIA has defined persecution as a "threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (BIA 1985), *overruled, in part, on other grounds*, *INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987); *accord Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006). The harm must be sufficiently severe, rising above "mere harassment." *Ivanishvili*, 433 F.3d at 341.

Considering the harm inflicted upon Seyed Mohammed in the aggregate, the agency reasonably found that he was not harmed to the degree necessary to reach the high threshold of "persecution." *See id*. Although his experiences were unfortunate, he was never subjected to serious physical harm

4

to the degree that his life or freedom was threatened. *See Acosta*, 19 I. & N. Dec. at 222; *see also Joaquin-Porras v. Gonzales*, 435 F.3d 172, 182 (2d Cir. 2006). Although "non-life threatening violence and physical abuse" may constitute persecution as well, the one instance in which Seyed Mohammed endured physical harm did not rise to the level of persecution when considered in the aggregate. *See Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006). Moreover, although tragic, the murder of Seyed Mohammed's father and great uncle in front of him when he was a child does not constitute persecution of Seyed Mohammed. *See Tao Jiang v. Gonzales*, 500 F.3d 137, 141 (2d Cir. 2007).

Finally, the agency did not err in denying CAT relief, because Seyed Mohammed presented no particularized evidence that he would be tortured by or with the acquiescence of the Sri Lankan government. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

5

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk